IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| MICKA MARTIN, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-cv-252(MTT) |
| | ) |
| MONROE COUNTY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Defendants jointly move to dismiss the Plaintiff's claims against Defendant Monroe County, to dismiss the state law claims against all Defendants in their official capacities, and to substitute Sheriff Shackelford for former Sheriff Bittick on the official-capacity claims against former Sheriff Bittick. For the following reasons, Defendant Monroe County's motion to dismiss (Doc. 18) is **GRANTED**, and all claims against it are **DISMISSED with prejudice**. The other Defendants' motion to dismiss (Doc. 18) is **DENIED**.

## I. BACKGROUND

Plaintiff Micka Martin brings this suit following an alleged beating by William Jackson, a Deputy of the Monroe County Sheriff's Department. Doc. 1. According to the Plaintiff, she was arrested and brought to the Monroe County jail by Jackson. *Id*. ¶ 18. She was highly intoxicated and placed in handcuffs. *Id*. ¶ 19. Then, following a verbal altercation, Jackson shoved her into a wall and slapped, punched, kicked, and elbowed her, injuring the Plaintiff's face and head. *Id*. ¶¶ 20-21. Defendants Brown and Lopez, employees of the Sheriff's Department, allegedly helped Jackson put the Plaintiff

in a full-body restraint, but did not intervene in Jackson's beating of her. *Id.* ¶¶ 9, 10, 22. According to the Plaintiff, a jail officer attempted to restrain Defendant Jackson, but Brown prevented him from doing so. *Id.* ¶ 23. Following the beating, the Plaintiff alleges she was denied medical care by Defendant Prescott, who is a nurse, and by other jail staff, which worsened her injuries. *Id.* ¶¶ 24-25.

The Plaintiff brings the following claims under 42 U.S.C. § 1983: use of excessive force, in violation of the Fourth and Fourteenth Amendments, by Defendants Jackson, Brown, and Lopez (*Id.* ¶¶ 31-35); deprivation of medical treatment by all Defendants (*Id.* ¶ 41); and failure to train and promulgation of policies, customs, and procedures causing the excessive force and deprivation of medical care, against Defendant Monroe County and Defendant Bittick, the Sheriff of Monroe County (*Id.* ¶¶ 7, 46). She also brings state law claims against Monroe County and Bittick for negligent retention (*Id.* ¶ 49); against Jackson for battery (*Id.* ¶ 51); and against Jackson, Brown, Lopez, and unidentified defendants for negligence (*Id.* ¶ 55). She requests punitive damages against Jackson, Brown, and Lopez, and she claims entitlement to attorney's fees under 42 U.S.C. § 1988. *Id.* ¶¶ 60, 62. Apparently, all claims against the individual Defendants are brought in both their individual and official capacities.[1] *Id.* ¶ 17.

## II. DISCUSSION

### A. Standard

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must

---

[1] The Plaintiff has also moved to amend her complaint. Doc. 23. That motion is pending. If it is granted, it would not affect the disposition of the claims at issue in this motion, since the changes to the complaint primarily concern new claims against Sheriff Shackelford. *See generally* Doc. 23-1.

contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**B. Analysis**

*1. Claims against Monroe County*

Defendant Monroe County argues it should be dismissed because it is not responsible for the actions of the Monroe County Sheriff's Office. Doc. 18-1 at 3. It argues the sheriff's office and the county are different, independent constitutional entities. *Id.* at 3-4. Further, Monroe County argues, counties in Georgia do not have control over sheriff's offices. *Id.* The Court agrees.

As the Plaintiff notes in her response, counties may be sued under § 1983 for their constitutional violations. Doc. 20 at 2; *Knight v. Miami-Dade Cty.*, 856 F.3d 795, 819 (11th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). To establish that a county carried out a constitutional violation, "a plaintiff 'must identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county.'" *Id.* (quoting *Grech v. Clayton Cty.*, 335 F.3d 1326, 1329 (11th Cir. 2003)). Unless an official county policy exists, the plaintiff "must show that the county has authority and responsibility over the governmental function in issue and must also identify those officials who speak with final policymaking authority for that local governmental entity." *Id.* (quotation marks and citation omitted). On the other hand, "[counties] can never be liable under § 1983 for the acts of those whom the local government has no authority to control." *Turquitt v. Jefferson Cty.*, 137 F.3d 1285, 1292 (11th Cir. 1998). Whether an official is acting as a policymaker for the State or for the county depends on the function the official is serving and "on the definition of the official's functions under relevant state law." *McMillian v. Monroe Cty.*, 520 U.S. 781, 785-86 (1997) (citation omitted).

A sheriff's office is an independent entity not subject to the control of the county in which it is located. *Bd. of Comm'rs of Spalding Cty. v. Stewart*, 284 Ga. 573, 574, 668 S.E.2d 644, 645 (2008) (citation omitted) (upholding an injunction preventing county from interfering in the provision of medical care); *see Manders v. Lee*, 338 F.3d 1304, 1322 (11th Cir. 2003) (en banc); *Lake v. Skelton*, 840 F.3d 1334, 1339 (11th Cir. 2016), *cert. denied*, 138 S. Ct. 1549 (2018). County officials outside the sheriff's office do not, therefore, make policy for the sheriff's office. The Plaintiff has no meaningful response

to this argument. *See* Doc. 20 at 2-3. Accordingly, Defendant Monroe County's motion to dismiss (Doc. 18) is **GRANTED**.

*2. State law claims against the individual Defendants*

The Defendants assert that the state law claims against the Defendants in their official capacities should be dismissed for failure to provide ante litem notice. Doc. 18-1 at 3. Georgia courts have held that O.C.G.A. § 36-11-1, which requires notice to counties within one year of the date a cause of action accrues, applies to sheriffs when sued in their official capacities. *Davis v. Morrison*, 344 Ga. App. 527, 532, 810 S.E.2d 649, 653 (2018); *Columbia Cty. v. Branton*, 304 Ga. App. 149, 151, 695 S.E.2d 674, 677 (2010), *overruled in part on other grounds by Harrison v. McAfee*, 338 Ga. App. 393, 788 S.E.2d 872 (2016); *see also Cameron v. Lang*, 274 Ga. 122, 126, 549 S.E.2d 341, 346 (2001) ("Suits against public employees in their official capacities are in reality suits against the state and, therefore, involve sovereign immunity." (quotation marks omitted)) (citation omitted).

The Defendants argue that the Plaintiff sent ante litem notice to the county officials, but not to the sheriff's office. Doc. 18-1 at 5. The Defendants cite to a recent Georgia Court of Appeals case in which the court upheld a grant of summary judgment to the sheriff because the Plaintiff had failed to provide ante litem notice as required by O.C.G.A. § 36-11-1. *Id.* (citing *Davis*, 344 Ga. App. at 532, 810 S.E.2d at 653). In that case, despite the fact that the plaintiff had provided such notice to the county, the court held the claims against the sheriff were barred by the plaintiff's failure to provide notice to the sheriff. *Davis*, 344 Ga. App. at 531-32, 810 S.E.2d at 653.

The Plaintiff responds by arguing that the Georgia Court of Appeals in *Davis* misapplied its own precedent. Doc. 20 at 4-6. Specifically, the Plaintiff argues that the

*Davis* court relied on *Columbia County v. Branton,* 304 Ga. App. 149, 695 S.E.2d 274 (2010), and *Columbia County* does not actually support the outcome in *Davis*. *Id.* The Plaintiff also argues that the holding of *Davis* is illogical: if a suit against the sheriff in his official capacity really is a suit against the county, the Plaintiff reasons, notice to the county should count for notice to the sheriff. *Id.* at 6. Similarly, the Plaintiff argues that deficiency in ante litem notice to the sheriff should not bar suit against the other defendants in their official capacities. *Id.* at 7-8.

Those arguments all lack merit but need not be addressed in detail because the Plaintiff argues, and the Defendant does not dispute, that the sheriff's attorney, Benjamin Vaughn, received actual notice. Docs. 20 at 7; 21 at 5-7.

The Georgia Supreme Court has held that claims may be presented to a county attorney to satisfy O.C.G.A. § 36-11-1. *Croy v. Whitfield Cty.*, 301 Ga. 380, 384-86, 801 S.E.2d 892, 896-97 (2017). Furthermore, that attorney need not be an in-house county attorney, since an outside lawyer owes the same duties of loyalty and diligence to the county as an in-house one. *Croy*, 301 Ga. 380 at 385, 801 S.E.2d at 896. Given that the ante litem notice at issue here described "tortuous conduct occurring at the Monroe County Jail . . . the result of a beating administered by Sgt. William Jackson of the Monroe County Sheriff's Office," the sheriff's office had adequate notice, through its attorney, of the claims against it. Doc. 1-2 at 1. The Defendants have no meaningful response to that argument. *See* Doc. 21 at 5-6. Accordingly, the Defendants have not demonstrated their entitlement to have the Plaintiff's claims dismissed for failure to provide ante litem notice.

*3. Substitution of Defendant Shackelford for Defendant Bittick*

The Defendants argue that the current sheriff, Al Shackelford, should be automatically substituted for Defendant Bittick, the former sheriff, on all official-capacity claims against Bittick. Doc. 18-1 at 6. The Plaintiff agrees. Doc. 20 at 8. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Defendant Shackelford is substituted for Sheriff Bittick on all official-capacity claims against Sheriff Bittick.

### III. CONCLUSION

For the reasons stated, Defendant Monroe County's motion to dismiss (Doc. 18) is **GRANTED**, and all claims against it are **DISMISSED with prejudice**. The other Defendants' motion to dismiss (Doc. 18) is **DENIED**. Sheriff Shackelford is substituted for former Sheriff Bittick on all official-capacity claims against former Sheriff Bittick. The parties make no reference to the claims against former Sheriff Bittick in his individual capacity, and those claims remain pending.

**SO ORDERED**, this 13th day of December, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT